## CARNEY v. WILLIAMS.   (No. 7242.)

(Court of Civil Appeals of Texas.   San Antonio.   Dec. 10, 1924.)

**Judgment ⬅106(1)—Default in face of insufficient pleading and of answer seasonably filed cannot stand.**

Where defendant against whom pleading made no cause of action, timely filed, full answer upon merits, judgment rendered against her by default cannot stand.

Error from Bexar County Court; McCollum· Burnett, Judge.

Action by H. G. Williams against R. S. Gillis and Alice Woodly Carney. Judgment for plaintiff, and defendant Carney brings error. Reversed and remanded.

T. M. West, of San. Antonio, for plaintiff in error.

Wm. Alter, of San Antonio, for defendant in error.

SMITH, J. Defendant in error, Williams, brought this suit against "R. L. Gillis and (plaintiff in error) Alice Woodly Carney, formerly Mrs. R. L. Gillis," alleging that, on a named date, R. L. Gillis executed and delivered a certain promissory note to Williams, and that on the same day said R. L. Gillis also executed and delivered to Williams a mortgage upon certain household articles to secure the payment of the note. Said note was set out in hæc verba, showing it was executed by Gillis, but not by his former wife, nor was there any allegation that the latter executed either the note or the mortgage; on the contrary, the plaintiff's pleadings clearly negatived the woman's participation in the transaction. Of course, in this state of the case, no recovery was authorized against her.

Alice Woodly Carney, née Gillis, however, seasonably filed an answer, consisting of general demurrer, general denial, verified plea of non est factum, and special answers that the property covered by the mortgage in question was her separate property; that said mortgage was executed by her former husband without her knowledge or consent; that defendant in error, Williams, knew said property was her separate property at the time he obtained the mortgage thereon; and that said mortgage was not taken in good faith. Of course the timely filing of this answer effected a joinder of issues, put the plaintiff to proof, and forestalled judgment by default.

But notwithstanding the total insufficiency of the pleading, and the timely filing of a full answer upon the merits, the court below rendered personal judgment by default, not only against Gillis, but against his former wife, for the amount of the note, and for foreclosure of the mortgage. The latter alone has prosecuted this writ of error.

It is quite obvious that the judgment cannot stand, since it had no support in the pleadings, and since it was rendered by default in the face of an answer seasonably filed. Accordingly, the judgment is reversed, and the cause remanded.

---

# MEMORANDUM DECISIONS ·

---

### 1

Willard ADKINS v. STATE.   (No. 9078.) (Court of Criminal Appeals of Texas. Dec. 3, 1924.) Appeal from Criminal District Court, Dallas County; Grover C. Adams, Special Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. The conviction is for the burglary of a private residence, with the punishment fixed at five years' confinement in the penitentiary. There are no bills of exception in the record, and no statement of facts accompanies the same. The matters complained of in the motion for new trial are such as require verification by bills of exception, and in their absence nothing is presented which calls for consideration at the hands of this court. The indictment appears regular, the charge of the court applicable to facts provable under said charge, and an affirmance of the judgment becomes necessary; and it is so ordered.

---

### 2

Dave BONNER v. STATE.   (No. 9018.) (Court of Criminal Appeals of Texas. Dec. 3, 1924.) Appeal from District Court, Austin County; M. C. Jeffrey, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Appellant is under conviction for the unlawful possession of a still for the purpose of manufacturing intoxicating liquor, and his punishment was assessed at one year in the penitentiary. No bills of exception appear in the record, and no statement of facts accompanies the same. In this condition nothing is brought forward for review, and the judgment is ordered affirmed.

---

### 3

Ex parte G. C. CURL.   (No. 9092.)   (Court of Criminal Appeals of Texas.   Nov. 26, 1924.) Appeal from Criminal District Court, Dallas County; Grover C. Adams, Special Judge, Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.